UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Mance, James Willyward,                    Hon.
and Todd Zamarippa                                Case No

                    Plaintiffs,                   COMPLAINT AND
                                                  DEMAND FOR JURY TRIAL

v.

Oakland County, a municipal corporation

                    Defendant.

_____

Gregory, Moore, Brooks, Clark & Helton, P.C.
Scott A. Brooks (P35773)
Matthew J. Clark (P76690)
Lisa Walinske (P62136)
Attorney for Plaintiffs
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
scott@unionlaw.net
matt@unionlaw.net
lisa@uninlaw.net

_____

## PLAINTIFFS' COLLECTIVE ACTION
## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs THOMAS MANCE, JAMES WILLYARD, and TODD

ZAMARIPPA ("Plaintiffs"), individually and on behalf of all others similarly situated,

by and through their counsel, bring this Collective Action Complaint against Defendant

Oakland County. ("Defendant" or "Oakland"), on personal knowledge with respect to

themselves and their own acts, and on information and belief as to other matters, allege:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA") claims pursuant to 28 U.S.C. § 1331, because Plaintiffs assert federal claims arising under the laws of the United States.

2.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events giving rise to the claims in this lawsuit occurred within this District, in Wayne County, Michigan.

## THE PARTIES

3.  Plaintiff Thomas Mance is a resident of Oakland County, Michigan, where he resided during the period of time relevant to this lawsuit.

4.  Plaintiff James Willyard is a resident of Oakland County, Michigan, where he resided during the period of time relevant to this lawsuit.

5.  Plaintiff Todd Zamarippa is a resident of Oakland County, Michigan, where he resided during the period of time relevant to this lawsuit.

6.  Defendant is a domestic municipal corporation organized under the laws of the State of Michigan and doing business in Oakland County, Michigan. Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d).

## INTRODUCTION

7.  This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs, individually and on behalf of all similarly situated persons employed or previously

employed during the relevant period by Defendant arising from Defendant's willful violations of the FLSA, 29 U.S.C. § 201 *et seq.* overtime pay provisions. Specifically, Plaintiffs bring this action on behalf of themselves and all Oakland County Sheriff Deputies who, during the applicable statutes of limitations, were required to work unpaid time both before and after Mini-contract assignments while they changed into and out of their uniform, gathered and returned their tools and traveled in a squad car to and from Mini-Contract work locations.

7. The individual and collective action claims are for failure to pay regular and overtime wages to employees for: (a) unpaid time both before and after Mini-Contract assignments while they were changing into and out of their uniform, gathering and returning their tools and traveling in a squad car to and from Mini-Contract work locations; and (b) attorneys' fees and costs under FLSA §§ 207 and 216(b).

8. Plaintiffs are employed by Defendant.

9. Plaintiffs were not paid for preliminary activities which were integral and indispensable to their principal work activities, namely, time during which they were changing into and out of their uniform, gathering and returning their tools and traveling in a squad car to and from Mini-Contract work locations. Defendant's actions were willful and in violation of the FLSA.

## FACTUAL ALLEGATIONS

10. During the Class Period, Plaintiff worked as a non-exempt employee in Michigan.

11. Plaintiff's job duties included, *inter alia*, law enforcement, community engagement, investigation and maintenance of public safety.

12. Upon information and belief, Defendants have entered into contracts to provide deputy services at Pine Knob, Meadowbrook, the Renaissance Festival, Somerset Mall and other third-party venues ("Mini-Contracts"). For each of these Mini-Contracts, Plaintiff are required to start their shift at Defendant's substation to retrieve their necessary equipment, don uniforms and gear, and retrieve a squad car.

13. During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed collective action.

14. As part of their job duties, Defendant's non-exempt employees were required to change into and out of their uniform, gather and return their tools and travel in a squad car to and from Mini-Contracts work locations.

15. These uncompensated tasks took at least one hour, depending on the traffic, heading to and from the Mini-Contracts location sites.

16. Defendant's violations of FLSA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiffs and the Collective members were engaged in "off the clock" work-related tasks of donning and doffing, gathering tools of the job, and driving to and from the Mini-Contract locations in squad cars.

## COLLECTIVE ACTION

17. Plaintiffs bring this action individually and as a collective action (commonly referred to as an "opt-in" class) for monetary relief pursuant to Section 16(b) of the FLSA, 29 U.S.C § 216(b).

18. Defendant willfully "suffered or permitted" the Collective members to perform labor without payment of overtime compensation at a rate of not less than one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty in a week as required by federal law.

19. Plaintiffs seek to notify the following individuals at the earliest time possible of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All current and former, non-exempt, Oakland County Sheriff's Office personnel who were required to change into and out of their uniform, gather and return their tools and travel in a squad car to and from Mini-Contract work locations, at any time from three years prior to opting-in through the resolution of this action (hereinafter referred to as the "Collective Action Members").

20. Plaintiffs represent those other current and former employees and act on their behalf and interests as well as their own in bringing this action. The similarly situated employees (i.e., the Collective Action Members) are known to Defendant and are readily identifiable and may be located through Defendant's personnel and wage records.

21. Because numerous members of this Collective Action are unknown to Plaintiffs, joinder of each member is not practical.

22. Plaintiffs ask this Court to require Defendant to furnish Plaintiffs with contact information of other similarly situated employees pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their FLSA claims.

23. Collective adjudication is appropriate in this case because the employees who Plaintiffs wish to notify of this action:

    a) Have been employed in the same or similar positions as Plaintiffs;

    b) Have performed work similar to that of Plaintiffs;

    c) Have been subject to the same policies and procedures as Plaintiffs; and

    d) Have been subject to compensation practices similar to those which form the basis of Plaintiffs' case.

## VI. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES FOR OVERTIME HOURS WORKED IN VIOLATION OF 29 USC 207(a), 216(b)

24. Plaintiffs re-allege and incorporates by reference each and every allegation set forth in the proceeding paragraphs.

25. Section 207 of the FLSA requires employers to pay covered nonexempt employees at the rate of 1.5 times their regular rates of pay for all overtime hours worked in excess of 40 per week.

26. Plaintiffs and the Collective Action Members regularly worked overtime for which they did not receive 1.5 times their regular rate of pay as required by the FLSA.

27.  Specifically, Plaintiffs and the Collective Action Members routinely worked "off the clock" donning and doffing, gathering and returning necessary equipment, and driving to and from the mini contract locations in squad cars, which were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such work was done with the knowledge and/or acquiescence of Defendant. and did not receive overtime pay even when such time was in excess of 40 hours per week.

28. Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their […] unpaid overtime compensation, and in an additional equal amount as liquidated damages."

29. Pursuant to 29 U.S.C. §§ 207(a) and 216 of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

## DEMAND FOR JURY TRIAL

30. Plaintiffs hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on their individual and/or collective-wide claims stated herein against Defendant.

## RELIEF REQUESTED

Plaintiffs, on behalf of herself and all other members of the Collective, respectfully requests that this Honorable Court grant the following relief:

A. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Plaintiffs' FLSA claims set forth herein (Causes of Action 1 and 2);

B. Designate Plaintiffs as the representative of the FLSA collective action, and undersigned counsel as class counsel for the same;

C. Order Defendant to disclose in computer format the names and addresses of all Collective and Class Action Members, and permit Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective Action Members of their rights by law to join and participate in this lawsuit;

D. Grant judgment in favor of Plaintiffs and against Defendant and award Plaintiff and the Collective Action Members the full amount of damages and liquidated damages available by law;

E. Declare that Defendant violated the FLSA, and require compliance;

F. Declare that Defendant's actions in violation of the FLSA were willful;

G. Award reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

H. Award pre- and post-judgment interest to Plaintiffs on these damages; and

I. Award such other and further relief as this Court deems appropriate.

Respectfully submitted,

Gregory, Moore, Brooks, Clark & Helton, P.C.

/s/ Lisa C. Walinske
Lisa C. Walinske (P62136)
Attorney for Plaintiffs
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
lisa@unionlaw.net

Date: May 30, 2025